```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

TERESA PEREZ,                    )
                                 )  No. CV-07-3073-CI
          Plaintiff,             )
                                 )  ORDER DENYING PLAINTIFF'S
v.                               )  MOTION FOR SUMMARY JUDGMENT
                                 )  AND DIRECTING ENTRY OF
MICHAEL J. ASTRUE,               )  JUDGMENT FOR DEFENDANT
Commissioner of Social           )
Security,                        )
                                 )
          Defendant.             )
                                 )
```

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 16, 19.) The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Leisa Wolf represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment in favor of Defendant.

Teresa Perez (Plaintiff) protectively filed for disability Supplemental Security Income (SSI) benefits on December 18, 2003, alleging an onset date November 25, 2003. (Tr. 87.) She claims disability due to right lung abscess, pneumonia, and emphysema. (Tr. 66.) Following a denial of benefits and reconsideration, a hearing was held before Administrative Law Judge (ALJ) Mary Reed.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

(Tr. 321-355.) The ALJ denied benefits; review was denied by the Appeals Council. (Tr. 5-7, 15-24.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his

impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**STATEMENT OF FACTS**

The facts of this case are set out in detail in the administrative record, and are briefly summarized here. Plaintiff was 44 years old at the time of the hearing held on June 21, 2006. She had a 7th or 8th grade education. (Tr. 72, 326.) She testified she had worked on her GED while in prison, but was unsure if her requirements were completed. (Tr. 326-27.) She was married with adult children. She testified she and her spouse lived in her sister's garage at the time of hearing. (Tr. 328.) In her written disability report, she stated she could walk for 10-15 minutes before needing to rest, could not stand, but could sit for eight hours. (Tr. 118.) She could bend and reach occasionally, do handling and fingering motions frequently, but could not lift or carry any weight. (Tr. 119.) Plaintiff stated she had past work experience as retail stocker/clerk, cook, fruit sorter and packer, and child caregiver. (Tr. 67, 343.) She testified she suffers pain and fatigue due to her lung problems and hypertension, has problems

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

gripping with her right hand and suffered a panic attack in the past. (Tr. 332, 335, 337, 340.)

Plaintiff also testified at the June 2006 hearing that she had been raped in January 2006. She stated since that time, she is limited in her social activities and suffers panic and anxiety attacks. (Tr. 327-29.) Her representative indicated Plaintiff had brief counseling after the sexual assault, but did not receive additional mental health treatment or medication because she lost medical coupons nine months before the hearing. (Tr. 325.)

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17.) At step two, the ALJ found Plaintiff had the severe impairments of post carpal tunnel release, removal of ganglion cyst, chronic obstructive pulmonary disease and obesity. (*Id.*) She also found Plaintiff had non-severe impairments of hepatitis C, which the record indicated caused no limitations, and hypertension, which is controlled when Plaintiff is compliant with medication. (Tr. 18.) At step three, the ALJ found these impairments alone and in combination did not meet the requirements of 20 C.F.R. Part 404, Subp. P, Appendix 1 (Listings). (*Id.*) At step four, ALJ Reed made the following residual functional capacity (RFC) finding:

> [C]laimant has the residual functional capacity to perform light work. The claimant can lift 20 pounds occasionally, and frequently lift or carry 10 pounds. The claimant can sit for two hours and stand or walk for six hours in an eight-hour workday. The claimant would need normal breaks. The claimant should avoid working in environments with concentrated levels of fumes, dusts, gases and airborne particulates. The claimant can occasionally climb ladders, ropes, and scaffolds, and she can

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 4

>occasionally kneel, crouch, crawl and stoop.[1] The claimant is also capable of performing sedentary work. The claimant has an eighth grade education. However, during the period from March of 2004 to October 1, 2005, the claimant was limited to lifting and carrying sedentary weights due to her carpal tunnel syndrome and ganglion cyst. During that time, in addition to the environmental and postural limitations noted above, the claimant could lift and carry up to 10 pounds occasionally, with no additional limitations.

(Tr. 18.) At step four, the ALJ found Plaintiff could not perform past relevant work. (Tr. 22.) At step five, the ALJ took vocational expert testimony and determined there were other unskilled sedentary and limited light jobs in the national economy Plaintiff could perform. She concluded Plaintiff was not under a "disability" as defined by the Social Security Act. (Tr. 23.)

**ISSUES**

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff asserts the ALJ erred when she (1) failed to fully develop the record; (2) improperly found Plaintiff not credible; (3) failed to consider lay testimony; and (4) did not meet the Commissioner's burden at step five. (Ct. Rec. 17 at 15.)

**DISCUSSION**

1. Credibility

Plaintiff contends the ALJ erred when she failed to give adequate reasons for rejecting Plaintiff's testimony. (Ct. Rec. 17 at 20.) The ALJ must engage in a two-step analysis in deciding

---

[1] The ALJ determined postural limitations were "reasonable" due to Plaintiff's obesity. (Tr. 21.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 5

whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the claimant must produce objective medical evidence of an underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986). Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. *Smolen,* 80 F.3d at 1281-82. If there is no affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting Plaintiff's pain and/or symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001); *Smolen*, 80 F.3d at 1283-84. The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness; inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct; [claimant's] daily activities; [his/her] work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600. If a reason given by the ALJ is not supported by the evidence, the ALJ's decision may be supported under a harmless error standard. *Stout v. Commissioner, Social Sec. Admin.,* 454 F.3d 1050, 1054-55 (9th Cir. 2006) (citing numerous cases in which the harmless error standard applied in social security cases); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir.

1984).

Here, after summarizing Plaintiff's testimony, the ALJ provided specific reasons for rejecting certain testimony, including inconsistencies between the record and Plaintiff's statements, inconsistencies within the record, and a lack of objective medical evidence to support the alleged severity. (Tr. 20-21.) In support of her credibility findings, she provided specific cites to treating physicians Drs. Santos and Barnaby's records showing that Plaintiff's lung condition resolved after her December 2003 hospitalization. She also referenced a pulmonary function analysis dated May, 2005, that was normal. (Tr. 246-49, 259, 271, 302.) Rejecting Plaintiff's allegations of total disability due pulmonary problems (Tr. 19), ALJ Reed found Plaintiff had not seen a pulmonary doctor for treatment since April 2004, even though she had medical coverage. Failure to seek treatment is a "clear and convincing" reason to discount a claimant's credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ also cited inconsistencies between Plaintiff's testimony and her written reports and statements to third parties regarding her ability to read and write, her ability to clean and cook, her consumption of alcohol, her ability to stand and walk and her statement that she could lift no weight at all. ( Tr. 19, 90-96, 109, 111.) She cited evidence that Plaintiff reported to her doctors she had a heart attack in July 2003, even though medical records from November 2003 and October 2004 confirmed no heart attack and Plaintiff admitted at the hearing that she had not had a heart attack. (Tr. 20, 149, 161, 230.) These are legally sufficient reasons for rejecting Plaintiff's testimony. *Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7

Regarding Plaintiff's allegations of mental problems stemming from a rape in January 2006, Plaintiff's representative contends that the ALJ "implicitly accuse[d] the claimant of fabricating the rape incident simply because she had not reported it when it happened." On review, it is clear that the ALJ was not accusing the claimant of fabrication. Rather, the ALJ was complying with agency regulations and legal standards that require Plaintiff to produce objective medical evidence of a "severe medically determinable . . . impairment that meets the duration requirement." 20 C.F.R. §§ 416.908, 920 (a)(4)(ii). The objective evidence must show that the impairment could be expected to produce the subjective complaints before claimed symptoms are evaluated by the adjudicator. *Cotton*, 799 F.2d at 1405 (first prong of *Cotton* test requires objective proof of impairment before a claimant's subjective symptoms are considered). In rejecting the unsupported allegations, the ALJ specifically found the record did not include evidence of mental or physical treatment for the reported rape, even though Plaintiff had seen a doctor in February 2006. (Tr. 20, 284-89.) Subjective statements alone do not meet the first prong of the *Cotton* test. Therefore, the ALJ did not err in disregarding Plaintiff's allegations of rape.

The record in its entirety supports the ALJ's specific findings and "clear and convincing" reasons for discounting Plaintiff's symptom testimony.

2. <u>ALJ's Duty to Develop the Record</u>

The ALJ found no further basis to develop the record relating to Plaintiff's mental status. (Tr. 20.) Plaintiff argues the ALJ had a duty to order a consultative examination to explore the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 8

possibility of mental impairments resulting from the rape reported by Plaintiff. (Ct. Rec. 17 at 17-18.) Plaintiff also contends a consultative examination should have been ordered with respect to Plaintiff's lung and hand impairments.

In Social Security proceedings, the burden of proof is on the claimant to prove the existence of a severe physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. As a threshold to establishing an impairment, it is the claimant's responsibility to produce sufficient objective medical evidence of underlying impairment to show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton*, 799 F.2d 1403.

Once medical evidence is provided by the claimant, the Regulations state the agency "will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 404.1512 (d), 416.912 (d). An ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 4509-60 (9th Cir. 2001) *(citing Tonapetyan v. Halter),* 242 F.3d 1144, 1150 (9th Cir. 2001)). To further develop the record, the Commissioner may order consultative examinations at the agency's expense. However, the Commissioner has "broad latitude in ordering a consultative examination." *Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir.

1990). Consultative exams are purchased to resolve conflicts or ambiguities "if one exists." 20 C.F.R. § 404.1519a(2). However, as explained by the Tenth Circuit, the claimant has the burden to raise the issue, *i.e.,* there must be sufficient objective evidence in the record to suggest the "existence of a condition which could have a material impact on the disability decision." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997.) "Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." *Id.*

Here, the ALJ specifically found the record did not warrant additional consultative examinations. She found Plaintiff did not seek treatment after the alleged rape and did not mention the rape when receiving treatment for her breast lump in February 2006. The ALJ reasoned that without a police report or treatment record, the evidence did not substantiate the attack. Finally, the ALJ found Plaintiff reported anxiety and panic attacks prior to the rape, and by Plaintiff's report, these conditions resolved themselves. (Tr. 20, 278.) The record indicates anxiety was short term and situational. Plaintiff was neither prescribed medication for anxiety and/or stress, nor did she seek professional mental health treatment. (Tr. 71.) The ALJ concluded any limitations caused by anxiety or stress had minimal impact on Plaintiff's ability to work. These findings are supported reasonably by the record.

For example, Plaintiff was seen at the emergency room in October 2004, complaining of chest pains. She reported being emotionally distraught, but indicated similar symptoms in the past resolved "spontaneously." She was diagnosed with hypertension and

anxiety, which the treating physician characterized as a "panic" reaction. (Tr. 279.) Thereafter, her providers did not report ongoing mental health symptoms, and there is no record that Plaintiff sought treatment before or after the reported rape in January 2006. As discussed above, the ALJ gave clear and convincing reasons for discounting the severity of Plaintiff's subjective symptom complaints. Further, under the Regulations, Plaintiff's statements alone are not sufficient to establish mental impairments or trigger the development of the record. 20 C.F.R. § 416.908. The ALJ did not err in determining a consultative psychological examination was unwarranted.

Regarding Plaintiff's physical condition, the medical reports before the ALJ are neither ambiguous nor conflicting. The ALJ properly summarized and explained the weight given to treating physicians, all of whom consistently opined Plaintiff could do sedentary and/or light work.[2] (Tr. 21-22.) For example, treating physician N. Santos, M.D., opined Plaintiff could do sedentary work in March 2004, with no restrictions on handling or reaching. Dr. Wayne Hansen opined after one visit that Plaintiff could do sedentary work in April 2005, with certain restrictions on handling

---

[2] The ALJ properly noted that Plaintiff could not work for 90 days while she was hospitalized for and recovering from respiratory problems in December 2003. (Tr. 22, 243-44.) The record further indicates treating pulmonary specialist, J. J. Barany, M.D., was recommending Plaintiff continue her physical exercise of walking in March 2004, when he also found her blood pressure was "okay" and her pneumonia had resolved. (Tr. 22, 248.)

and reaching, prior to her hand surgery. (Tr. 294-97.) After the hand surgery, on August 30, 2005, she was given a home exercise treatment plan to maximize her range of motion. (Tr. 304-05.) Plaintiff's treating orthopaedic surgeon, John Atkinson, M.D., opined no restrictions were expected to exist after her right hand surgery. (Tr. 109.) He also noted Plaintiff missed "multiple appointments" after September 2005. Medical notes from Plaintiff's visit to Dr. Santos' clinic and the emergency room in February 2006 do not mention complaints of wrist pain or limitations. (Tr. 277, 284.) It was reasonable for the ALJ to infer Plaintiff did not need further examination or treatment relating to her hand impairment. Significantly, the record in its entirety shows Plaintiff's treating physicians did not opine Plaintiff's impairments would preclude work activities. As there was no conflicting and/or ambiguous medical evidence regarding limitations caused by Plaintiff's physical impairments, the ALJ was not required to further develop the record.

3.   <u>Lay Testimony</u>

Plaintiff argues the ALJ erred when she did not properly reject the lay witness statements included in six letters from friends and relatives "testifying that Ms. Perez underwent a marked personality change and exhibited drastic changes in daily and personal habits following a rape in January of 2006." (Ct. Rec. 17 at 19.) This argument is without merit.

The lay testimony identified was never considered by the ALJ before she rendered her opinion on October 16, 2006. The letters were written between October 29 and October 31, 2006, and sent to the Appeals Council by Plaintiff's representative on November 1, 2006. (Tr. 310.) The record is clear that these letters were not

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 12

included in the record before the ALJ; therefore, consideration of this evidence was not possible. (Tr. 310-320.)

As discussed above, these letters are considered new evidence and are part of the record before the reviewing court. However, Plaintiff did not provide evidence of a medically determinable mental impairment, and lay witness statements are insufficient to establish an impairment. Therefore, remand to consider this new evidence is not required.

It is further noted that alleged mental impairments stemming from the reported January 2006 rape would not have met the duration requirements during the time at issue.[3] This is not to say, however, that Plaintiff is precluded from submitting the identified lay witness statements as evidence when filing a new claim based on medically determinable mental and physical impairments stemming from the January 2006 sexual assault.

Regarding statements from Plaintiff's daughter and friend, the ALJ specifically referenced their statements in her credibility findings. (Tr. 20.) She found these statements indicated Plaintiff was capable of reading, writing, cleaning her home everyday and cooking her meals, contrary to Plaintiff's testimony. These

---

[3] For an impairment to be meet or equal a Listing, the impairment must last or be expected to last for a continuous period of 12 months. 20 C.F.R. § 416.905. The record should document all pertinent symptoms, signs and laboratory findings as well as prescribed treatment, and the response to treatment in terms of changes in symptoms. *Social Security Ruling (SSR)* 82-52 (Documentation).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 13

findings are supported by the record. (Tr. 90-96, 109, 111.)

4.  <u>Step Five</u>

Plaintiff contends the hypothetical question posed to the vocational expert at step five did not include all of her limitations and, therefore, the vocational expert's opinion she could perform other work is not supported by substantial evidence. (Ct. Rec. 17 at 20-21.) As discussed above, the ALJ did not err in her evaluation of the evidence and Plaintiff's credibility. It is well settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. § 416.946*; SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). Further, where ALJ's determination is a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

The ALJ's RFC determination is supported by the record in its entirety and represents a reasonable interpretation of the evidence. The hypothetical propounded to the vocational expert included postural and exertional limitations for a limited light level and sedentary level of work. (Tr. 348-352.) It follows that the ALJ properly relied on the vocational expert testimony that Plaintiff retained the capacity to perform unskilled light and sedentary jobs identified by the vocational expert that existed in significant numbers in the national economy. *Bayliss v. Barnhart*, 427 F.3d

Case 2:07-cv-03073-CI    Document 21    Filed 10/09/08

1211, 1218 (9th Cir. 2005); *Magallanes v. Bowen,* 881 F.2d, 747 (9th Cir. 1989) (hypothetical properly limited to include restrictions supported by substantial evidence in record).

**CONCLUSION**

The ALJ's findings are supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16 )** is **DENIED**.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 19)** is **GRANTED.**

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED October 9, 2008.

                          S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 15